[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
April 19, 2005
THOMAS K. KAHN
CLERK

No. 04-11707
Non-Argument Calendar

Agency Docket Nos. A78-616-691&
A78-616

BESIM BELAJ,
ALTIN BELAJ, et al.,

Petitioners-Appellants,

versus

U.S. ATTORNEY GENERAL,

Respondent-Appellee.

_____

Petition for Review of a Decision
of the Board of Immigration Appeals

_____

**(April 19, 2005)**

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Besim Belaj ("Belaj"),[1] Gezime Belaj, Altin Belaj, and Ali Belaj, appearing pro se, petition for review of the Board of Immigration Appeal's ("BIA") order affirming the Immigration Judge's ("IJ") denial of asylum and withholding of removal under the Immigration Nationality Act ("INA") and the United Nations Convention Against Torture and other Cruel, Inhumane, and Degrading Treatment or Punishment ("CAT").[2]

On appeal, Belaj contends that the IJ erred in denying him asylum, withholding of removal, and relief under the CAT, and also erred in determining that he did not provide credible evidence as to his identity. Belaj further asserts that the IJ erred in not allowing Belaj's expert witness to testify, thus, violating his Fifth Amendment right to due process.

Belaj's petition for review must be denied. As to the claims for asylum and withholding of removal, substantial evidence exists to support the BIA's decision that Belaj failed to meet his burden of proof to establish, with credible evidence, his identity and refugee status. Because we affirm the decision that Belaj failed to

---

[1]Belaj is the primary applicant. His wife and children are derivative applicants and, therefore, rely on Belaj's asylum application.

[2]Because Belaj's removal proceedings commenced after April 1, 1997, the permanent rules of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, Publ. L. No. 104-208, 110 Stat. 3009 (1996) apply.

establish his identity and nationality and failed to give credible testimony, we need not address the additional issues Belaj raises pertaining to his claim for asylum, withholding of removal, and CAT relief.

Belaj is similarly unsuccessful in his due process claim. Belaj is unable to show that not allowing the expert witness to testify caused him "substantial prejudice" because he failed to demonstrate that the expert's testimony was would have been material to establishing Belaj's identity. See Lonyem v. United States Attorney Gen., 352 F.3d 1338, 1341-42 (11th Cir. 2003) ("To establish due process violations in removal proceedings, aliens must show that they were deprived of liberty without due process of law, and that the asserted errors caused them substantial prejudice.").

Upon review of the record and the parties' briefs, we discern no reversible error.

PETITION DENIED.